### KENTUCKY BAR ASSOCIATION, Appellant,

v.

### Rodney S. JUSTICE, Appellee.

### No. 2006–SC–000522–KB.

Supreme Court of Kentucky.

Aug. 24, 2006.

Bruce K. Davis, Executive Director, Kentucky Bar Association, Cary Burnett Howard, Jr., Deputy Bar Counsel, Kentucky Bar Association, Frankfort, Counsel for Appellant.

Rodney S. Justice, Ashland, Counsel for Appellee.

### OPINION AND ORDER

Rodney S. Justice, KBA Member No. 37124, whose last known address is P.O. Box 1895, Ashland, Kentucky 41105, has moved to terminate Kentucky Bar Association disciplinary proceedings against him by consenting to a thirty-day suspension from the practice of law. The KBA has no objection to Justice's request.

The disciplinary proceedings stem from Justice's agreement to represent James Burton and James Flaugher in a civil action against the Carter County Board of Education to challenge the sale of surplus realty. Flaugher paid Justice a $1500 re-

tainer fee, but the representation agreement was not reduced to writing. Justice filed a complaint in the Carter Circuit Court, and the Board responded with a motion to dismiss. Despite being noted on the certificate of service on the motion to dismiss, Justice did not respond to the Board's motion; and he did not attend the circuit court hearing on it. Justice did not notify his clients of the filing of the motion, and he did not inform them of the hearing date. Following the hearing, the circuit court granted the motion dismissing Burton and Flaugher's complaint, with prejudice.

Justice did not inform his clients of the dismissal of their suit until Burton obtained a copy of the order six months later while he was picking up his file at Justice's office. Burton and Flaugher then wrote Justice a letter, demanding the return of their $1500 retainer fee. Although Justice ultimately refunded the retainer, he did not respond to Burton and Flaugher's demand until after they initiated a bar complaint against him.

Based on these allegations, the KBA's Inquiry Commission charged Justice with five counts of misconduct. First, the Commission charged that Justice violated Kentucky Supreme Court Rule (SCR) 3.130(1.3) when he failed to file a response to the motion to dismiss and failed to attend the hearing on that motion. Second, the Commission charged Justice with violating SCR 3.130(1.4)(a) when he failed to advise his clients of the making and granting of the motion to dismiss until approximately six months after the case was dismissed. Third, the Commission charged that Justice violated SCR 3.130(1.4)(b) when he failed to communicate to his clients the steps necessary to respond properly to the motion to dismiss. Fourth, the Commission charged that Justice violated SCR 3.130(1.15)(a) when he placed the unearned $1500 retainer into his general operations account when it did not qualify as a valid nonrefundable retainer. Fifth, the Commission charged Justice with violating SCR 3.130(1.16)(d) when he failed to refund any unearned portion of his fee until he had been served with a bar complaint. Justice admits to the substance of these charges in his motion for suspension from the practice of law.

Despite the fact that he is an experienced attorney, having been admitted to the practice of law in October 1974, this is not Justice's first brush with the attorney discipline system. Justice has been privately reprimanded by the Commission on four previous occasions for such matters as failing to exercise reasonable diligence in representing a client and for failing adequately to communicate with a client.

Based upon the foregoing, it is ordered that:

1. Movant, Rodney S. Justice, is hereby suspended from the practice of law in the Commonwealth of Kentucky for a period of thirty (30) days, effective from the date of this order.

2. In accordance with SCR 3.450, Justice must pay all costs associated with these disciplinary proceedings against him, said sum being $27.26, and for which execution may issue from this Court upon finality of this Opinion and Order.

All concur.

ENTERED: August 24, 2006.

/s/ Joseph E. Lambert
Chief Justice