TO BE PUBLISHED

# Supreme Court of Kentucky FINAL

## 2007-SC-000204-KB

DATE 10-2-07 SuAGroup, D.C.

RODNEY S. JUSTICE                                                   MOVANT


V.                               IN SUPREME COURT


KENTUCKY BAR ASSOCIATION                              RESPONDENT


## OPINION AND ORDER

The Kentucky Bar Association (KBA) brought this action against Movant, Rodney S. Justice, for violations of SCR 3.130-1.1, SCR 3.130-1.3, SCR 3.130-1.4(a), and SCR 3.130-1.16(d). Justice, KBA Member No. 37124, has a last known address of P. O. Box 1895, Ashland, Kentucky, 41105. For the reasons set forth herein, Justice is suspended from the practice of law for a period of sixty days.

Justice was retained by Phillip Blevins to file an appeal from an unfavorable unemployment insurance award, and was paid two hundred dollars ($200.00) for this purpose. Justice filed the appeal request six days late and the appeal was dismissed as untimely. Thereafter, Justice filed an appeal and was notified that he had ten days to submit a brief. He failed to do so. A month later, the Unemployment Commission adopted the original findings denying Blevins benefits.

Still, Justice agreed to appeal the matter to the circuit court. Twenty days after the deadline to file such an appeal had passed, Blevins called Justice and was informed that he had not filed the appeal because he "did not want to waste [his] time." Blevins

contacted Justice again some three months later, expressing his dissatisfaction and requesting the return of his $200.00 retainer. Justice did not return the fee. Blevins contacted the Kentucky Bar Association and filed a complaint, which resulted in the present charge, consisting of four counts. After Justice was served with the Bar's complaint, he returned Blevins' fee.

Count One is that Justice violated SCR 3.130-1.1 by failing to competently represent his client when he did not take immediate action to file an appeal. Count Two charges that Justice failed to exercise reasonable diligence, in violation of SCR 3.130-1.3, when he failed to file Blevins' appeal and to submit a brief with the appeal. He also violated this provision by failing to appeal the matter to the circuit court. By Count Three, Justice is charged with a violation of SCR 3.130-1.4(a) where he failed to keep Blevins informed of the status of his case, and also misrepresented to Blevins that he had intended to file an appeal to the circuit court. Finally, Count Four alleges that Justice violated 3.130-1.16(d) when he failed to promptly return the unearned fee following Blevins' request.

Thereafter, Justice admitted that he violated the above stated rules and moved this Court to suspend him from the practice of law for a period of thirty days. The KBA did not object to this motion. Upon our initial review of the matter, we concluded that a thirty-day period of suspension was inadequate, particularly in light of Justice's significant disciplinary history. On August 24, 2006, this Court suspended Justice from the practice of law for thirty days for conduct nearly identical to that recited herein. See KBA v. Justice, 198 S.W.3d 583 (Ky. 2006). In addition, Justice has been privately reprimanded by the Inquiry Commission on four prior occasions, each for failing to exercise reasonable diligence in representing a client and for failing to adequately

2

communicate with clients. For these reasons, we were unable to agree with the KBA that a thirty-day suspension is the appropriate discipline in this case.

Accordingly, by Order dated May 17, 2007, we informed Justice of the proposed suspension of sixty days and afforded him the opportunity to object. Justice has not submitted any such response or otherwise objected to the imposition of a sixty-day suspension, thus indicating his willingness to accept this disposition. Likewise, the KBA has no objection to the imposition of a sixty-day suspension.

Based on the foregoing, it is ordered that:

1.    Movant, Rodney S. Justice, is hereby suspended from the practice of law in the Commonwealth for a period of sixty (60) days, effective from the date of reinstatement in his prior suspension, which became effective on August 24, 2006.

2.    In accordance with SCR 3.450, Justice must pay all costs associated with these proceedings, said sum being $34.66, and for which execution may issue from this Court upon finality of this Opinion and Order.

Lambert, C.J.; Cunningham, Minton, Noble, Schroder, Scott, JJ., concur. Abramson, J., not sitting.

ENTERED: September 20, 2007.

_____
CHIEF JUSTICE

3