**KENTUCKY BAR ASSOCIATION, Movant,**

v.

**Rodney S. JUSTICE, Respondent.**

**No. 2009–SC–000689–KB.**

Supreme Court of Kentucky.

Jan. 21, 2010.

### OPINION AND ORDER

On October 19, 2009, the Board of Governors filed its findings of fact, conclusions of law, and disciplinary recommendation in the Kentucky Bar Association (KBA) case involving Rodney S. Justice, whose KBA member number is 37124 and whose bar roster address is 628 Amanda Furnace Drive, Ashland, Kentucky, 41101. In this recommendation, the Board ultimately determined that Justice was guilty of violating SCR 3.130–1.16(d). The Board concluded that in light of this ethical violation and Justice's prior disciplinary history, Justice should be suspended from the practice of law in this Commonwealth for thirty days, refund an unearned fee in the amount of $4000 to his client, Alta Galloway, and attend the KBA Ethics and Enhancement Program. Neither the KBA nor Justice has filed a notice requesting this Court to review the Board's decision as allowed by SCR 3.370(8). Further, this Court declines to review the Board's decision under SCR 3.370(9). Therefore, pursuant to SCR 3.370(10), this Court adopts the Board's decision and recommended discipline.

On July 14, 2004, Alta Galloway hired Justice to probate her deceased father's estate and she paid him $500 as a retainer for his representation.[1] Although Justice did not provide Galloway with a written fee arrangement, he informed her that his fee would be five percent of the value of the estate. While Justice continued to work on probating Galloway's father's estate, he also provided advice and services to Galloway involving other issues, such as the care, claims, and debts of Galloway's mother, who was in a nursing home and in poor health. Justice testified that during this time, Galloway came to his office on a monthly basis, he spoke with her face-to-face on at least ten occasions, and he had numerous telephone conversations with her.

On November 29, 2005, Galloway's mother, Alta M. James, passed away. Galloway sought Justice's representation in probating her mother's estate and paid him $5000 for this service. On January 30, 2006, Galloway paid Justice an additional $4000 to close out both estates.[2] In August 2006, this Court suspended Justice from the practice of law for thirty days due to his violations of four Rules of Professional Conduct in failing to diligently represent a different client and failing to refund the client's unearned fee until a bar complaint was issued against him. *KBA v. Justice,* 198 S.W.3d 583 (Ky.2006). Although Justice stated that he mailed a

---

1. Galloway's father, Frank James, Jr., passed away on May 20, 2003, and because Galloway's mother was in poor health, Galloway was appointed as the executrix of her father's estate. At the time James' will was probated, Roger R. Cantrell represented his estate.

2. The memo line on Galloway's $4000 check to Justice states that this payment was to "Close out Est. of Frank James," but Justice testified that this payment was a combined free for both estates.

letter to Galloway informing her of this suspension, she alleged that she did not receive the letter. However, Galloway stated that she knew of Justice's suspension from other sources. After Justice's suspension, Galloway obtained a new attorney, Frank H. Warnock. Galloway paid Warnock $1200, and her parents' estates were closed on April 19, 2007. Subsequently, Galloway's daughter, Madlyn Zaiser, filed a complaint with the Client Security Fund of the KBA alleging that Justice failed to complete the estates of her grandparents, failed to return her mother's phone calls, and charged an unreasonable fee for his representation.

On December 23, 2008, the Inquiry Commission charged Justice with violating four Kentucky Rules of Professional Conduct based on his representation of Galloway: SCR 3.130–1.3 (diligence) for failing to perform any substantial work toward the probate of either estate, SCR 3.130–1.4(a) (communication) for failing to return multiple phone calls from Galloway and to keep her informed of the status of the estates, SCR 3.130–1.5(a) (fees) for unreasonably charging $9500 in the probate of the two uncomplicated estates, and SCR 3.130–1.16(d) (terminating representation) for failing to return an unearned portion of the fee upon the termination of his representation of Galloway. After Justice filed an answer denying the charges, a trial commissioner was appointed and a hearing held on March 31, 2009. On June 26, 2009, the trial commissioner filed a thirty-page report with the Disciplinary Clerk.

Regarding her factual findings, the trial commissioner found that although Justice "did not perform any services to advance the completion of the estate of Frank James," Justice's reasons for not pursuing the closure of Mr. James' estate, such as protecting the estate from claims of Mrs. James and anticipating Mrs. James' death and the administration of her estate in the near future, were not unreasonable under all the circumstances. Regarding Galloway's mother's estate, the trial commissioner found that Justice commenced probating Mrs. James' estate in a reasonable fashion after considering Galloway's specific request for Justice to delay the closing of her mother's estate due to her fear of losing her social security benefits and medical card. The trial commissioner found that Mr. James' estate was valued at $187,000, and Mrs. James' estate was valued at $107,000; that Justice did attempt to notify Galloway in a timely fashion of his August 2006 suspension and his inability to complete her probate matters; and that although Galloway never asked Justice to refund any of the legal fees, Justice did not offer her a refund of any unearned fee.

The trial commissioner then concluded that even though the "wait and see" approach may have been reasonable up to a point, Justice nonetheless violated SCR 3.130–1.3 with respect to his work on Galloway's father's estate because at least at the point of Mrs. James' death, Mr. James' estate should have been closed. The trial commissioner concluded that with respect to Galloway's mother's estate, however, Justice did not violate SCR 3.130–1.3. The trial commissioner also found that even though charging five percent of a decedent's estate is a reasonable method for calculating a fee, Justice violated SCR 3.130–1.5(a) in this instance by charging $9500 for probating two uncomplicated estates. Regarding the allegation of violating SCR 3.130–1.16(d), the trial commissioner concluded that when Justice realized he could not complete the closure of Mr. and Mrs. James' estate, he should have reviewed the status of each estate, the amount of fees he had collected thus far, and offered a reasonable refund to Galloway. Thus, the trial commissioner

found that Justice violated SCR 3.130–1.16(d). Although she found Justice guilty of violating SCR 3.130–1.3, 1.5(a), and 1.16(d), the trial commissioner found that Justice did not violate SCR 3.130–1.4(a) because there was not sufficient evidence to establish that Justice had failed to return multiple phone calls or failed to keep Galloway apprised of the status of her parents' estates. The trial commissioner recommended that Justice be suspended for 181 days and refund $7500 to Galloway.

Following the entry of the trial commissioner's report, Justice filed a notice of appeal pursuant to SCR 3.360(4). After Justice and the KBA tendered briefs with the Board of Governors and presented oral arguments, the Board filed its findings of facts, conclusions of law, and disciplinary recommendation on October 19, 2009. A majority of the Board members agreed with the trial commissioner that Justice was not guilty of violating SCR 3.130–1.4(a) and that Justice was guilty of violating SCR 3.130–1.16(d). However, the Board concluded by a vote of 15–2 and 17–0 that Justice was not guilty of violating SCR 3.130–1.3 and SCR 3.130–1.5(a), respectively.

Disagreeing with the trial commissioner on these two charges, the Board first explained that even though the trial commissioner found that Justice had not taken reasonable steps to complete Mr. James' estate, trial testimony revealed that Galloway had asked Justice not to conclude her father's estate because of her concerns regarding her mother's ability to receive nursing home care and her own ability to receive social security benefits once Mr. James' estate was closed. Galloway also testified that she was not concerned with how long it took Justice to complete the estates. Thus, the Board concluded that Justice acted with reasonable diligence under the circumstances of the case in working on Mr. James' estate and did not violate SCR 3.130–1.3. Further, the Board found that because Mr. Warnock, the attorney Galloway hired after learning of Justice's suspension, Justice, and the trial commissioner all recognized that charging a percentage of the value of an estate was not uncommon in probate cases, charging five percent of the total value of the estate in this instance was not an unreasonable fee. Therefore, the Board found that Justice's fee was not unreasonable and that he did not violate SCR 3.130–1.5(a).

In agreeing with the trial commissioner, the Board concluded that because trial testimony indicated that Justice spoke with Galloway and met with her in his office on numerous occasions, he communicated adequately with her and did not violate SCR 3.130–1.4(a). The Board also agreed, however, that Justice was guilty of SCR 3.130–1.16(d) because he failed to return an unearned portion of his fee upon the termination of his representation of Galloway. The Board acknowledged that after Justice received his order of suspension, he should have refunded any portion of the fee which would not be earned due to his inability to continue working on the estate cases. Even though Galloway never requested a refund, Justice was required to refund any unearned fee by SCR 3.130–1.16(d), and his failure to do so constitutes a violation of that ethical provision.

When considering the appropriate sanction to recommend, the Board noted Justice's prior disciplinary history. During the time period from 1994 to 1998, the Inquiry Commission privately admonished Justice on four occasions for violating SCR 3.130–1.3 (diligence). As noted above, in August 2006, this Court suspended Justice from the practice of law in this Commonwealth for thirty days for violating SCR 3.130–1.3, 1.4(a) and (b), 1.15(a), and

1.16(d) during his representation of two clients bringing a civil action against the Carter County Board of Education. *KBA v. Justice*, 198 S.W.3d 583 (Ky.2006). In addition, in September 2007, this Court suspended Justice for sixty days for violating SCR 3.130–1.1, 1.3, 1.4(a), and 1.16(d) during his appellate representation of Phillip Blevins. *Justice v. KBA*, 232 S.W.3d 527 (Ky.2007). According to the trial commissioner's report and the KBA's brief, Justice has remained suspended from the practice of law since his initial suspension in August 2006 due to other pending disciplinary matters. In light of Justice's single violation and his disciplinary history, a majority of the Board of Governors recommended that Justice be suspended from the practice of law for thirty days, refund $4000 to Galloway, attend the KBA Ethics and Professionalism Enhancement Program, and pay the costs associated with this proceeding.[3]

■ Having reviewed the trial testimony and the trial commissioner's report, this Court agrees with the Board's conclusions that Justice did not violate SCR 3.130–1.3, 1.4(a), or 1.5(a) in his representation of Galloway and her parents' estates. Justice acted reasonably in his representation considering Galloway's request that Justice delay the completion of her father's estate; Justice communicated adequately with Galloway given his numerous phone conversations and face-to-face meetings with her; and Justice did not charge an unreasonable fee in requiring Galloway to pay

five percent of the value of the estate.[4] We also agree, however, that Justice did violate SCR 3.130–1.16(d) when he failed to reassess the status of Galloway's parents' estates after his August 2006 suspension and failed to return the portion of the fee that he would not earn due to his inability to close Mr. and Mrs. James' estates.

■ Regarding the Board's recommended sanction, although this Court is concerned by Justice's serious prior disciplinary history, we acknowledge that in this case, Justice committed only one of the four counts charged, SCR 3.130–1.16(d). Further, because Justice will likely remain suspended from the practice of law for longer than the thirty-day period imposed in this Order due to his pending disciplinary matters, this Court declines to review the Board's disciplinary recommendation pursuant to SCR 3.370(9) and deems it to be appropriate given the facts of this case.[5] Therefore, it is hereby ORDERED that:

1. Rodney S. Justice is guilty of violating SCR 3.130–1.16(d) as charged in KBA File 15510.

2. Rodney S. Justice is suspended from the practice of law in the Commonwealth of Kentucky for a period of thirty (30) days, effective from the date of this order.

3. Rodney S. Justice is directed to pay $4000 to Alta Galloway.

3. Although fourteen Board members recommended this discipline, one member voted to suspend Justice for thirty days and require him to refund $1200 to Galloway, and two members voted for no sanction to be imposed.

4. This Court is not adopting a rule that charging a 5% fee is per se reasonable, and rather, suggests that in the future parties refer to SCR 3.130–1.5 for determining a reasonable fee.

5. This Court notes that although the KBA argued to the Board of Governors that the trial commissioner's report should be adopted, which included a 181–day suspension, the KBA has not filed a notice with this Court challenging the Board's recommended 30–day suspension.

4. Rodney S. Justice is directed to attend the KBA Ethics and Professionalism Enhancement Program (EPEP).

5. In accordance with SCR 3.450, Justice is directed to pay all costs associated with these disciplinary proceedings in the amount of $2,314.30, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: January 21, 2010.

/s/ John D. Minton, Jr.
    Chief Justice