**KENTUCKY BAR ASSOCIATION,**
**Movant,**

v.

**Louis ZIMMERMAN, Respondent.**

**No. 2012–SC–000178–KB.**

Supreme Court of Kentucky.

May 24, 2012.

As Corrected May 29, 2012.

## OPINION AND ORDER

Respondent, Louis Zimmerman, KBA Member No. 83393, has been charged in KBA File 18197 of violating SCR 3.130–1.3, SCR 3.130–1.4(a), SCR 3.130–1.16(d), and SCR 3.130–8.1(b) by failing to properly represent one of his clients in a divorce case. After an evidentiary hearing, the Trial Commissioner found Respondent guilty of all of the above ethical violations and recommended that he be suspended from the practice of law in the Commonwealth for thirty days. Since neither Respondent nor the KBA filed a notice of appeal with this Court pursuant to SCR 3.360(4) we now enter a final order pursuant to SCR 3.370(10) adopting the Trial Commissioner's recommendation. Respondent maintains a bar roster address of 1310 Broadway, P.O. Box 7238, Paducah, KY 42002.

Lisa Jameson hired Respondent to represent her in a divorce proceeding in the Carlisle Circuit Court. In October 2006, the court entered an interlocutory decree divorcing Ms. Jameson and her husband, but retained jurisdiction of the action for the purposes of determining the parties' rights and responsibilities concerning assignment of non-marital property, division of marital property, assignment of debts, custody, child support, and visitation. The court also entered a temporary order awarding Ms. Jameson custody of their minor children, child support, and possession of the marital home.

However, after obtaining the October 2006 orders, Respondent failed to pursue the case further. Specifically, Respondent never obtained a final order to distribute to Ms. Jameson portions of her ex-husband's retirement account or other property. Respondent also did not communicate with Ms. Jameson about the status of her case and did not timely return her phone calls.

On October 21, 2009, Ms. Jameson sent Respondent a letter via certified mail terminating his services as her attorney and directing him to deliver all of her files to her. Respondent failed to deliver the files by the date requested. The files were eventually transferred to Ms. Jameson's new attorney.

Ms. Jameson filed a complaint with the KBA regarding Respondent's conduct. The Inquiry Commission subsequently issued a charge against Respondent and sent a copy of the complaint to him via certified mail. Respondent was also sent a letter informing him that the Inquiry Com-

mission needed additional information about his conduct and that failure to respond to the complaint could result in an additional charge of misconduct pursuant to SCR 3.130–8.1. Respondent failed to respond to the complaint within twenty days and was therefore sent a second copy of the complaint via certified mail. A letter attached to the complaint again warned Respondent that if he failed to respond he could be charged with a violation of SCR 3.130–8.1. Again, Respondent failed to respond.

■■■ As a result of his conduct in representing Ms. Jameson, the Trial Commissioner found Respondent guilty of violating SCR 3.130–1.3 ("A lawyer shall act with reasonable diligence and promptness in representing a client."); SCR 3.130–1.4(a)(3) ("A lawyer shall keep a client reasonably informed about the status of the matter."); SCR 3.130–1.16(d) ("Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests such as ... surrendering papers and property to which the client is entitled."); and SCR 3.130–8.1(b) (a lawyer involved in a disciplinary matter shall not "knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority."). The Trial Commissioner report does state that Respondent was candid and honest about his failures in representing Ms. Jameson during the Trial Commissioner hearing. As such, Respondent requested that he receive a public reprimand for his ethical violations. However, the Trial Commissioner, citing to *Kentucky Bar Association v. Grider*, 282 S.W.3d 330 (Ky.2009), *Kentucky Bar Association v. Whitlock*, 275 S.W.3d 179 (Ky. 2008), and *Kentucky Bar Association v. Chinn*, 64 S.W.3d 289 (Ky.2002) as authority, has recommended that Respondent be suspended from the practice of law in the Commonwealth for thirty days. In recommending a thirty day suspension, the Trial Commissioner notes that Respondent has been previously disciplined twice by the KBA.

Having reviewed the record in this case and finding that the Trial Commissioner's conclusions are supported by the evidence, and because neither Respondent or the KBA has filed for a notice of review in this Court, we adopt the Trial Commissioner's recommendation pursuant to SCR 3.370(9).

Thus, it is ORDERED that:

1) Respondent, Louis Zimmerman, KBA Number 83393, 1310 Broadway, P.O. Box 7238, Paducah, KY 42002, is adjudged guilty of violating SCR 3.130–1.3, SCR 3.130–1.4(a), SCR 3.130–1.16(d), and SCR 3.130–8.1(b) as charged in KBA File 18197;

2) Respondent is suspended from the practice of law in Kentucky for thirty days;

3) In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $1,464.07, for which execution may issue from this Court upon finality of this Opinion and Order.

MINTON, C.J., ABRAMSON, NOBLE, SCHRODER, SCOTT and VENTERS, JJ., concur. CUNNINGHAM, J., not sitting.

ENTERED: May 24, 2012.

/s/ John D. Minton, Jr.
    Chief Justice