**Danielle BROWN, Movant**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 2012–SC–000480–KB.**

Supreme Court of Kentucky.

Sept. 20, 2012.

### OPINION AND ORDER

Danielle Brown, KBA No. 84501, was admitted to the practice law in the Commonwealth of Kentucky on October 16, 1992, and her bar roster address is 312 Riva Ridge Road, Richmond, Kentucky 40475. She moves this Court to impose the sanction of a thirty-day suspension from the practice of law. The Kentucky Bar Association (KBA) has no objection, as the parties have agreed to a negotiated sanction pursuant to SCR 3.480(2).

On May 7, 2008, a $1,490.76 judgment was entered against Brown in Fayette District Court. After Brown failed to appear for post-judgment depositions on two occasions, a motion to compel discovery was filed against her on September 8, 2008. After failing to appear at a September 10, 2008 hearing, the court required her to show cause why she should not be held in contempt for her failure to appear; the show cause hearing was set for October 22, 2008. Again, Brown failed to appear for this hearing, and consequently, the court found her in contempt. An order of arrest was entered on October 28, 2008.

Brown was subsequently arrested on November 6, 2008, and ordered to post bond in the amount of $2,015.34. The court ordered her to appear on January 14, 2008, and show cause as to why it should not order the bond money to be paid to satisfy the judgment against her. Brown *again* failed to appear, citing that car trouble was the reason for her absence.

The Office of Bar Counsel wrote to Brown several times, asking her to explain why she had failed to follow the court's orders. However, Brown failed to respond to these requests, and on October 6, 2009, she was served with an Inquiry Commission Complaint which advised her that her failure to respond could result in an additional charge of misconduct pursuant to SCR 3.130–8.1. After she again failed to respond, she was served with a reminder letter and second copy of the Complaint by certified mail, which was returned unclaimed. She was then served by the Sheriff on December 10, 2009, who tendered another copy of the complaint and another reminder letter. The letter informed her that her failure to respond within seven days could subject her to an additional charge of misconduct under SCR 3.130–8.1(b).

On April 29, 2010, the Commission formally charged Brown with violating SCR

3.130–3.4(c), which states that "a lawyer shall not ... knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists...." Brown admits to violating this rule by repeatedly failing to comply with the court's orders.

The Commission also charged Brown with violating SCR 3.130–8.1(b), which states that "a lawyer in connection ... with a disciplinary matter, shall not ... knowingly fail to respond to a lawful demand for information from ... a disciplinary authority." Brown admits she violated this rule by failing to respond to the Inquiry Commission Complaint.

In light of her admissions, Brown and the KBA have agreed to a negotiated sanction pursuant to SCR 3.480(2) and now request this Court to suspend Brown for thirty days for the aforementioned violations. *See Kentucky Bar Ass'n v. Quesinberry,* 203 S.W.3d 137, 138 (Ky.2006) (instituting suspension of thirty days after finding that attorney failed to diligently represent and communicate with her client and disobeyed obligations to a tribunal); *Kentucky Bar Ass'n v. Zimmerman,* 365 S.W.3d 556, 557 (Ky.2012) (suspending attorney for thirty days after finding attorney failed to diligently represent, reasonably inform, and protect his client's interest upon termination, as well as finding that attorney knowingly failed to respond to a lawful demand for information from a disciplinary authority).

Agreeing that the negotiated sanction proposed in Brown's motion is appropriate, it is ORDERED that:

1. Danielle Brown is hereby suspended from the practice of law for thirty days for her admitted violations of SCR 3.130–3.4(c) and SCR 3.130–8.1(b); and

2. In accordance with SCR 3.450, Brown shall pay all costs associated with these proceedings, said sum being $543.31, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: September 20, 2012.

/s/ John D. Minton, Jr.
    Chief Justice