TO BE PUBLISHED

# $\mathfrak{Supreme}$ $\mathfrak{Court}$ $\mathfrak{of}$ $\mathfrak{Kentucky}$

2015-SC-000719-KB

ERIC CHARLES DETERS                                    MOVANT


V.                    IN SUPREME COURT


KENTUCKY BAR ASSOCIATION                           RESPONDENT


## OPINION AND ORDER

Pursuant to Supreme Court Rule (SCR) 3.480(2), Eric C. Deters moves this Court to impose a sixty-day suspension for his violations of the Rules of Professional Conduct. The Kentucky Bar Association (KBA) has no objection to this negotiated discipline. Finding a sixty-day suspension appropriate, we grant Deters's motion. Deters whose last known bar roster address is 5247 Madison Pike, Independence, Kentucky 41051, was admitted to the practice of law in the Commonwealth of Kentucky on October 10, 1986.

### KBA File 22026

Deters was retained to represent Aric Shinkle regarding criminal charges in Indiana, including a vehicular homicide matter. For this representation, Deters accepted the sum of $5,000. Deters was not licensed to practice law in Indiana and had previously been denied *pro hac vice* admission in a separate Indiana case. As a result, the representation was initially handled by another

member of Deters's firm, James Moore, who is licensed to practice law in Indiana, Ohio, and Kentucky.

When Moore was unavailable to assist with Shinkle's probation violation hearing, Deters asked Kevin Moser, an attorney licensed in Kentucky and Indiana, to represent Shinkle at that hearing. Moser contacted Shinkle and his parents, received discovery, and appeared at multiple court proceedings. Subsequently, Moser contacted Deters to inquire about compensation for his representation of Shinkle. Deters informed Moser that he had only been paid to represent Shinkle for the vehicular manslaughter charge and that Moser would have to seek compensation directly from the Shinkles. Consequently, Moser contacted the Shinkles and received the sum of $1,000.

During the pendency of their son's case, the Shinkles hired a new attorney who requested an accounting of the retainer given to Deters. Deters refused to provide an accounting, claiming that he was unable to account for how the retainer was used. During his representation Deters decided to forgo a written fee agreement with the Shinkles, failed to keep time records, and chose to not place the advance fee in an escrow account. The Shinkles' new attorney also contacted Moore to request confirmation that he had been paid for the time he worked on the case. In fact, Moore, who had left Deters's firm in 2013, had not been paid for his work on the case.

In response to the inquiry, Deters sent a text message to the Shinkles to advise them that he would not be refunding any portion of his fee and that he was prepared to sue the couple for slander. Further, Deters advised the

Shinkles that there was no longer an attorney/client relationship and that he would take actions detrimental to their son if necessary to defend himself.

On March 23, 2015, the Inquiry Commission (Commission) issued a four-count charge against Deters for violation of: (1) SCR 3.130(1.6)(a) (Confidentiality of information) for threatening the Shinkles with the disclosure of information that may have been detrimental to Aric Shinkle; (2) SCR 3.130(5.5) (Unauthorized practice of law; multijurisdictional practice of law) for continuing to represent Aric Shinkle in an Indiana criminal case without an Indiana attorney assisting in the matter, and after learning he would not be admitted *pro hac vice*; (3) SCR 3.130(1.15) (Fees) for failing to maintain the advance fee payment in a proper escrow account and by failing to provide a full accounting of the funds to Aric Shinkle; and (4) SCR 3.130(8.4)(c) (Misconduct) for continuing the representation of Aric Shinkle after Deters was left with no Indiana associates and after he was denied *pro hac vice* admission in Indiana.

Deters admits to violating the Rules of Professional Conduct as set forth in Counts I, II, and III, but denies the violations listed in Count IV. In light of a review of the evidence and Deters's cooperation to resolve his ethical violations, the Inquiry Commission Chair and Immediate Past President approved the dismissal of Count IV.

### KBA File 23552

In June 2010, Deters contracted with Eugene Trenkamp and Dean Gregory to represent their limited liability companies in a law suit against Fifth Third Bank. Trenkamp and Gregory paid Deters $10,000 as a retainer for his

services. While Deters was suspended from the practice of law, the case was handled by Tina Edmondson, an employee of Deters's law firm. While Edmondson was handling the case she obtained an additional $5,000 payment from Trenkamp and Gregory.

In January 2014, Trenkamp contacted Deters by electronic mail to discuss the firm's failure to respond to his attempts at communication. In a hostile email exchange, Deters claimed that his firm had provided diligent representation well in excess of the fees received. Additionally, Deters stated that the firm's representation of Gregory and Trenkamp was over. It is unclear from the record what if any steps were taken by Deters to end the representation.

In any event, in a letter dated March 3, 2015, Trenkamp made it clear that he believed that the representation was ongoing. Trenkamp noted that he had been unsuccessful in the preceding weeks in obtaining a response from Edmonson regarding the status of the lawsuit. Trenkamp then informed Deters that he had recently learned that Edmonson was no longer employed by Deters's firm. Consequently, Trenkamp requested that Deters's firm end the representation, refund the $15,000 that had been paid, and provide a copy of the file. Subsequently, Trenkamp filed a bar complaint against Deters.

While no formal charges were filed by the Commission, Deters acknowledges that there is probable cause to find that he violated the following rules: (1) SCR 3.130(1.3) (Diligence); (2) SCR 3.130(1.4) (Communication); (3)

4

SCR 3.130(1.16) (Declining or terminating representation); and (4) SCR 5.1 (Responsibilities of partners, managers and supervisory lawyers).

## Proceedings Before this Court

The Inquiry Commission consolidated Deters's files pursuant to SCR 3.260(1). In response to the Commission's inquires, Deters now moves this Court to enter an order suspending him for a period of 60 days. Additionally, Deters has agreed to refund $1,000 to the Shinkles in KBA file 23552. The KBA has no objection to the proposed discipline, which was negotiated pursuant to SCR 3.480(2). Upon review of the facts in this case and relevant case law, we find the proposed discipline is appropriate.

While Deters's prior disciplinary history does support increased sanctions, his cooperation in the resolution of these matters is considered as a mitigating factor. Further, the Court has previously issued similar discipline in comparable cases. *See, e.g., Kentucky Bar Ass'n v. Justice*, 198 S.W.3d 583 (Ky. 2006) (attorney with four previous private reprimands, was suspended for thirty days for failing to communicate with client, prosecute client's case, keep funds separate, and return unearned fee). Additionally, we note that Deters is currently suspended from the practice of law and only able to seek reinstatement to practice pursuant to SCR 3.510.

Accordingly, it is hereby ORDERED:

1. Eric C. Deters is suspended from the practice of law in the Commonwealth of Kentucky for sixty days.

2. Deters must return $1,000 to Mr. and Mrs. Shinkle (KBA File 22026).

5

3. Pursuant to SCR 3.450, Deters is directed to pay all costs associated with these disciplinary proceedings, in the amount of $156.09, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: March 17, 2016.

_____
CHIEF JUSTICE

6