TO BE PUBLISHED

# Supreme Court of Kentucky

2019-SC-000089-KB

FINAL

RACHELLE NICHOLE HOWELL ............................................. MOVANT

DATE 10-15-19 By GH

V.                          IN SUPREME COURT

KENTUCKY BAR ASSOCIATION ............................. RESPONDENT

## OPINION AND ORDER

Pursuant to SCR 3.480(2),[1] Movant, Rachelle Nichole Howell, moves this

Court to enter a negotiated sanction resolving the pending disciplinary

---

[1] SCR 3.480(2) reads:

The Court may consider negotiated sanctions of disciplinary investigations, complaints or charges prior to the commencement of a hearing before a Trial Commissioner under SCR 3.240. Any member who is under investigation pursuant to SCR 3.160(2) or who has a complaint or charge pending in this jurisdiction, and who desires to terminate such investigation or disciplinary proceedings at any stage of it may request Bar Counsel to consider a negotiated sanction. If the member and Bar Counsel agree upon the specifics of the facts, the rules violated, and the appropriate sanction, the member shall file a motion with the Court which states such agreement, and serve a copy upon Bar Counsel, who shall, within 10 days of the Clerk's notice that the motion has been docketed, respond to its merits and confirm its agreement. The Disciplinary Clerk shall submit to the Court within the 10 day period the active disciplinary files to which the motion applies. The Court may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings specified in the order of remand.

proceeding against her (KBA File No. 17-DIS-0147) by imposing a thirty-day suspension. The KBA has no objection. Finding this sanction to be the appropriate discipline for her misconduct, we grant Howell's motion.

Howell was admitted to the practice of law in the Commonwealth of Kentucky on October 7, 2003. Her Kentucky Bar Association (KBA) number is 89867 and her current bar roster address is 305 Circle Drive, Shepherdsville, Kentucky 40165.

Howell's disciplinary history includes a private admonition in 2010 for failing to act with reasonable diligence and promptness in representing several clients and failing to keep those clients reasonably informed about the status of their matters. Further, she had a private admonition in 2015 for failing to act with reasonable diligence and promptness in representing a client, for disobeying an obligation under the rules of a tribunal, and for improperly providing financial assistance to a client for pending litigation. A private admonition with conditions was also issued in 2016 for failing to act with reasonable diligence and promptness in representing a client, for failing to promptly comply with a reasonable request for information, and for failing to take reasonable steps to protect the client's interest upon termination of representation by failing to refund the unearned advance-fee payment.

This Court rendered an opinion regarding Howell, *Kentucky Bar Association v. Rachelle Nichole Howell,* 2018-SC-000438-KB, on March 14, 2019. In that case, we found Howell guilty of violating numerous Supreme Court Rules. Therein, the KBA consolidated ten files (a total of thirty-one

2

counts) against Howell, and we found that she violated numerous ethical rules. We suspended Howell for one-hundred-eighty-one days due to those violations. She is to remain suspended pursuant to that order until such time she is reinstated to the practice of law by order of this Court pursuant to SCR 3.510.

## I. BACKGROUND

Turning to the facts of the case at bar, in February 2017, Leighana Skaggs hired Howell to file an action to establish custody and visitation for a minor child ahead of a planned relocation. Howell quoted a fee of $1,000 to Skaggs, who paid Howell a total of $925. Howell neither deposited the payments into an escrow account nor obtained a signed fee agreement with Skaggs as required by SCR 3.130(1.5)(f).[2] On February 15, 2017, Howell filed a custody petition in Jefferson Family Court. Her attempts to serve the opposing party were unsuccessful. Until Howell stopped returning her messages, Skaggs maintained regular contact with Howell regarding the status of service on the opposing party and provided Howell with the party's work address to aid with service. Howell took no action.

On April 10, 2017, Howell requested Skaggs pay $75 to hire a special bailiff and Skaggs asserts she made the payment. Howell did not hire the bailiff. Although Howell does not dispute that Skaggs paid for a special bailiff,

---

[2] SCR 3.130(1.5) reads:

A fee may be designated as an advance fee. An advance fee agreement shall be in a writing signed by the client evidencing the client's informed consent, and shall state the dollar amount of the retainer, its application to the scope of the representation and the time frame in which the agreement will exist.

3

Howell insists she does not recall receiving the payment. The last communication Skaggs received from Howell was an email dated April 10, 2017. On April 26, 2017, after not hearing from Howell, Skaggs went to the address where she believed Howell's office was located. Upon arriving at the address, Skaggs was informed that although Howell's website stated her office was at that location, Howell had not worked there since late 2015.

Skaggs emailed Howell on April 26 and April 27, 2017. In the April 27 email, she requested a refund and informed Howell that she had a new attorney. Howell did not respond to either email. Skaggs filed a bar complaint on May 1, 2017, and Howell filed a response on August 11, 2017.

The Inquiry Commission issued a five-count charge against Howell on June 25, 2018. Count I alleged Howell violated SCR 3.130(1.3) by failing to have the opposing party served with the custody petition and/or by failing to hire the special bailiff. Count II alleged Howell violated SCR 3.130(1.4)(a)(3) by failing to respond to her client's attempts to reach her after April 10, 2017. Count III alleged Howell violated SCR 3.130(1.5)(a) by collecting $925 from her client and failing to complete work beyond filing the petition, including failure to complete service upon the opposing party. Count IV alleged Howell violated SCR 3.130(1.15)(e) by failing to deposit the fee payments into an escrow account in the absence of a client-signed advance fee agreement as required by SCR 3.130(1.5)(f). Count V alleged Howell violated SCR 3.130(1.16)(d) by failing to return the unearned portion of the fee to Skaggs upon termination of representation. Howell admits she violated these rules.

4

The parties have agreed to a negotiated sanction, which would result in Howell's suspension from the practice of law for thirty days suspension with conditions including: a partial refund to Howell's former client in the amount of $425, which both parties assert she has already satisfied, and Howell's continued participation in KYLAP. The Motion also requests the suspension take effect March 14, 2019, the date this Court suspended Howell for one-hundred-eighty-one days. Agreeing with the parties that this sanction is appropriate, we accept its terms and suspend Howell from the practice of law for thirty days with conditions. The date of the suspension shall be retroactive and will commence on March 14, 2019.

## II. ANALYSIS

In agreeing to the negotiated sanction, the KBA cites three cases in support of its adequacy: *Kentucky Bar Association v. Pridemore*, 439 S.W.3d 742 (Ky. 2014); *Kentucky Bar Association v. Zimmerman*, 365 S.W.3d 556 (Ky. 2012); and *Kentucky Bar Association v. Justice*, 198 S.W.3d 583 (Ky. 2006).

In *Pridemore*, the attorney violated SCR 3.130(1.3) (diligence), (1.4)(a)(3) and (4) (communication), (1.16)(d) (termination of representation), (8.1)(b) (failure to respond to bar complaint), (8.4)(c) (dishonesty, deceit, fraud or misrepresentation). *Id*. at 744. Pridemore represented a client in a divorce and child-custody matter. *Id*. Upon appeal, Pridemore failed to respond to the opposing party's motion to dismiss. *Id*. Therefore, the appeal was dismissed. *Id*. When the client contacted Pridemore, he informed the client that the dismissal was a technical or clerical error and he would have the appeal

5

reinstated. *Id.* Eventually, Pridemore admitted he could not set the dismissal aside and stopped communicating with the client altogether. *Id.* We suspended Pridemore for thirty days. *Id.*

In *Zimmerman,* the attorney violated SCR 3.130(1.3) (diligence), (1.4)(a) (communication), (1.16)(d) (termination of representation), and (8.1)(b) (failure to respond to bar complaint). 365 S.W.3d at 557. Zimmerman abandoned the client's case and did not return the client's calls in a timely manner. Thereafter, Zimmerman failed to communicate with the client about the status of her case. *Id.* Eventually, the client sent a certified letter terminating Zimmerman's representation and requesting her file be sent to her new counsel. *Id.* The attorney failed to timely comply with this request and also failed to respond to the bar complaint. *Id.* Furthermore, Zimmerman had two prior disciplinary matters. *Id.* The sanction in the *Zimmerman* case was a thirty-day suspension. *Id.*

In *Justice,* the attorney violated SCR 3.130(1.3) (diligence), (1.4)(a) and (b) (communication), (1.15)(a) (commingling), and (1.16)(d) (termination of representation). 198 S.W.3d at 584. Justice was retained by two clients to file a civil case. *Id.* at 583. Although Justice filed suit, he failed to file a response to the defendant's motion to dismiss and failed to appear when that motion was heard. *Id.* at 584. The case was dismissed with prejudice. *Id.* Justice did not tell his clients about the dismissal. *Id.* This Court held that a thirty-day suspension was appropriate. *Id.*

6

In review of this Court's precedent, we agree with the terms of the parties' negotiated sanction. Howell is currently suspended until such a time as she is approved for reinstatement by the Character and Fitness Committee and this Court. The Committee may consider this current discipline when making its recommendation regarding her reinstatement.

### III. ORDER

Agreeing that the negotiated sanction is appropriate, it is ORDERED that:

1. Rachelle Nichole Howell's motion for this Court to impose a thirty-day suspension with conditions detailed above (including repaying Skaggs $425 for unearned legal fees and continued participation in KYLAP), is accepted.

2. Rachelle Nichole Howell is suspended from the practice of law in Kentucky for a period of thirty days for her professional misconduct as set forth herein. The suspension shall be retroactive to March 14, 2019 and shall continue until she has complied with the requirements of this opinion and order and is reinstated to the practice of law by Order of this Court pursuant to SCR 3.510.

2. During the pendency of her suspension, Howell shall continue her monitoring agreement with KYLAP.

3. If she has not already done so, pursuant to SCR 3.390, Howell shall immediately cancel any pending advertisements; shall terminate any advertising activity for the duration of the term of suspension; and shall not allow her name to be used by a law firm in any manner until she is reinstated.

4.     Pursuant to SCR 3.390, Howell shall not, during the term of suspension and until reinstatement, accept new clients or collect unearned fees.

5.     In accordance with SCR 3.450, Howell is directed to pay the costs of this action in the amount of $125.01 for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting.  All concur.

ENTERED: September 26, 2019.

CHIEF JUSTICE