TO BE PUBLISHED

# Supreme Court of Kentucky

2024-SC-0330-KB

IN RE: BRENDAN JOSEPH MCLEOD

IN SUPREME COURT

## OPINION AND ORDER

On July 17, 2024, Brendan Joseph McLeod ("McLeod"), moved this Court for entry of an order suspending him from the practice of law for thirty days, probated for one year with conditions, for violations of the Rules of the Supreme Court ("SCR") as charged in Kentucky Bar Association ("KBA") Files 18-DIS-0214 and 21-DIS-0074. These files were consolidated by the KBA pursuant to SCR 3.260(1). Thereafter, the KBA filed a response stating it had no objection to the order as requested. For the following reasons, the motion is granted, and the following sanctions imposed.

## I.    FACTS AND BACKGROUND

McLeod was admitted to the practice of law in the Commonwealth of Kentucky on October 10, 2001. His KBA membership number is 88994, and his bar roster address is 2403 Windsor Forest Drive, Louisville, Kentucky 40272.

McLeod represented Jodie Cecil ("Cecil") in a criminal matter in which she and her co-defendant, Bryan Greenwell ("Greenwell"), were charged with murder, attempted murder, and several other crimes. In November 2017, McLeod sought to discuss the case with Greenwell and asked Greenwell's counsel, public defender Heather Erskine ("Erskine"), for permission to do so. Erskine declined McLeod's repeated requests and even wrote McLeod a letter reiterating her denial of permission.

Cecil and Greenwell's trial began on May 21, 2018. On the morning of May 24, 2018, McLeod visited Louisville Metro Department of Corrections and spoke with Greenwell about substantive issues in the case. McLeod admits to knowingly violating SCR 3.130(4.2) (communicating with represented litigant without permission of the court or litigant's counsel). However, he maintains that he thought it was necessary to speak with Greenwell to ensure the parties were united in their defense.

Later that day, McLeod informed Erskine of the visit. Erskine brought the matter to the circuit court's attention, and the court held ex parte proceedings regarding McLeod's conversations with Greenwell. These proceedings were conducted in closed sessions and were designated as "private" on the videotape. Only the defendants and their counsel were present. McLeod and Cecil were excused from the courtroom when Greenwell was questioned. McLeod then posted clips of the hearings on YouTube and invited viewers to comment.

Erskine filed a bar complaint against McLeod, and on September 30, 2021, the KBA Inquiry Commission charged McLeod with violations of SCR 3.130(3.4)(c) (knowingly disobeying an obligation under the rules of a tribunal) and SCR 3.130(4.2) (knowingly communicating with individual represented by another attorney about subject of representation).

### File 21-DIS-0074

In November 2018, McLeod represented Robert Ingram ("Ingram"). Ingram was charged with murder, burglary, and terroristic threatening in the third degree, but was ultimately only found guilty of terroristic threatening. In January 2019, Ingram was sentenced to 120 days in jail.

McLeod filed a notice of appeal on Ingram's behalf in February 2019, but then failed to timely file a brief. As a result, the Court of Appeals issued four orders (dated August 22, 2019; September 16, 2019; November 14, 2019; and February 19, 2020) requiring McLeod to show cause why the case should not be dismissed. McLeod did not respond to any of the orders, and Ingram's appeal was eventually dismissed on May 21, 2020.

McLeod claims that Ingram had failed to pay $15,000 in attorney's fees, advanced no money for the appeal, and even expressed that he no longer wanted to pursue the appeal because he had already served his jail time. However, McLeod took no action to directly dismiss the appeal.

Following the dismissal of Ingram's appeal, the Court of Appeals referred McLeod to the KBA. On January 5, 2022, the KBA Inquiry Commission charged

McLeod with violation of SCR 3.130(3.4)(c) (knowingly disobeying an obligation under the rules of a tribunal).

McLeod admits to violating SCR 3.130(3.4)(c) and SCR 3.130(4.2) in relation to his representation of Cecil (18-DIS-0214) and SCR 3.130(3.4)(c) in relation to his representation of Ingram (21-DIS-0074). McLeod requests that this Court impose a thirty-day suspension, probated for one year subject to conditions, including successful completion of the Ethics and Professionalism Enhancement Program ("EPEP").

## II. ANALYSIS

Pursuant to SCR 3.480(2), the parties have agreed to the imposition of a thirty-day suspension, probated for one year subject to conditions, including successful completion of EPEP. Regardless of such agreement, acceptance of the proposed negotiated sanction still falls within the discretion of the Court: "The Court may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings specified in the order of remand." SCR 3.480(2).

Preliminarily, we acknowledge that McLeod's disciplinary history includes one private admonition in October 2020 for violation of SCR 3.130(1.4)(a)(2) and (3) (failure to consult with client about means of accomplishing client's objectives and failure to keep client informed of status of matter), and SCR 3.130(1.16)(d) (failure to take reasonable steps to protect client's interests following termination of representation).

4

In *Kentucky Bar Ass'n v. Quesinberry*, 203 S.W.3d 137 (Ky. 2006), this Court imposed a thirty-day suspension from the practice of law probated for one year on the condition of attendance of ethical trainings for an attorney's violation of the following Rules of Professional Conduct: SCR 3.130(1.3) (diligence); SCR 1.4(a) (communication); and SCR 3.130(3.4)(c) (disobeying obligations to a tribunal). There, the respondent filed a proper notice of appeal to the court of appeals but then failed to timely file a brief. *Id.* at 138. As a result, the opposing party filed a motion to dismiss to which the respondent did not respond. *Id.* The case was then dismissed, and the court of appeals ordered the KBA be notified of its proceedings. *Id.* at 139. In its decision to impose a thirty-day sanction, this Court also considered the fact that the respondent had previously received a private admonition for similar conduct. *Id.*

In *Kentucky Bar Ass'n v. Justice*, 198 S.W.3d 583 (Ky. 2006), this Court imposed a thirty-day suspension for violations of the Rules of Professional Conduct similar to those at issue here. In *Justice*, the attorney failed to respond to a motion to dismiss, resulting in the dismissal of his client's case. *Id.* at 584. The attorney then neglected to inform his clients of the status of their case for six months, and only did so because the clients appeared at his office to pick up their files. *Id.* Finally, the attorney also failed to refund any unearned portion of his fee until he was served with a bar complaint. *Id.*

Where an attorney only violates SCR 3.130(4.2), this Court's typical sanction is a public reprimand. *Inquiry Commission v. Goldy*, 670 S.W.3d 829, 831 (Ky. 2023); *see also Sipes v. Kentucky Bar Ass'n*, 290 S.W.3d 650 (Ky.

5

2009). However, here, McLeod's violation of SCR 3.130(4.2) is coupled with other violations of the Professional Rules. McLeod not only communicated with an individual represented by counsel about the subject of representation without permission from the individual's lawyer, but also in two separate instances failed to comply with the orders of a tribunal. Therefore, McLeod's misconduct warrants a greater sanction.

McLeod offers evidence of mitigating factors for his offenses. During his representation of Ingram, McLeod maintains that Ingram had $15,000 in past unpaid attorney fees, advanced no additional funds toward his appeal, and even indicated to McLeod that he no longer wanted to pursue the appeal. Regardless, McLeod took no action to properly dismiss the appeal.

Upon review of the foregoing facts and charges, we find that the negotiated sanction between the parties is adequately supported by the record and the recommended sanction is appropriate in light of this Court's prior decisions.

ACCORDINGLY, IT IS ORDERED THAT:

1. Brendan Joseph McLeod is hereby suspended from the practice of law for thirty days, probated for one year subject to the following conditions;

2. During the one-year probationary period, McLeod shall receive no disciplinary charges against him;

3. McLeod shall attend, at his own expense, and successfully complete, within twelve (12) months of entry of this Order, the Ethics and Professional Enhancement and Trust Account Management Programs

6

offered by the KBA Office of Bar Counsel for purposes of remedial education regarding his ethical obligations;

4. McLeod is hereby ordered to pay all costs of these proceedings pursuant to SCR 3.450, which total $157.34; and

5. If McLeod fails to comply with any of the terms of discipline as set forth herein, the Office of Bar Counsel ("OBC") may immediately move this Court to impose a more significant sanction.

All sitting. All concur.

ENTERED: September 26, 2024.

_____
CHIEF JUSTICE